

**FILED & ENTERED**

SEP 07 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Reaves    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PAULETTE VONETTA MOSES,<br><br>Debtor. | Case No.: 1:16-bk-10024-VK<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY RE: DEBTOR'S REAL PROPERTY [20224 Cohasset Street, Unit 20, Winnetka, CA 91306] [doc. 337]**<br><br>[No hearing held] |

On May 15, 2017, Paulette Vonetta Moses (the "Debtor") filed the *Motion to Vacate Relief from Stay Request from Purported Beneficiary, U.S. Bank, N.A., as Trustee for the Lehman XS Trust Mortgage Pass-Through Security Certificates, Series 2006-4N of Security Instruments* (the "Motion to Vacate") [doc. 337].[1]  For the reasons set forth herein, the Court will deny the Motion to Vacate.

---

[1] On May 4, 2017, the Debtor filed her initial motion to vacate relief from stay as to the Cohasset Property [doc. 327].  On May 15, 2017, the Debtor filed her present Motion to Vacate [doc. 337].  The two motions appear to be substantively identical, except that copies of the Court's tentative rulings from March 22, 2017 and April 19, 2017 are attached to Motion to Vacate [doc. 337].  The Court denies both motions with this Order.

## I. BACKGROUND

On January 6, 2016, the Debtor filed a voluntary chapter 11 petition. In her schedules, the Debtor listed the real property located at 20224 Cohasset Street, Unit 20, Winnetka, CA 91306 ("Cohasset Property"). On September 26, 2016, the Court converted the Debtor's case to chapter 7 [doc. 121].

On November 23, 2016, the chapter 7 trustee ("Trustee") filed a notice of abandonment as to the Cohasset Property [doc. 227]. On January 13, 2017, the Court entered an order deeming the Cohasset Property abandoned [doc. 267].

On February 19, 2017, U.S. Bank. N.A. ("U.S. Bank") filed a motion for relief from the automatic stay as to the Cohasset Property ("RFS Motion"). In the RFS Motion, U.S. Bank argued that under 11 U.S.C. § 362(d)(1), its interest in the Cohasset Property was not adequately protected. There was a negative equity cushion of ($7,516.29), as established by the value of the Cohasset Property as listed in the Debtor's schedules and the amount of U.S. Bank's claim. In addition, U.S. Bank argued that relief was warranted under 11 U.S.C. § 362(d)(2). There was no equity in the Cohasset Property, and the Cohasset Property was not necessary to an effective reorganization. U.S. Bank further alleged that the Debtor was behind five (5) postpetition payments for a total of $6,582.67 in arrearages. (RFS Motion, at p. 8.) The declaration attached to the motion was prepared by a representative of Nationstar Mortgage, LLC ("Nationstar"), the servicer for U.S. Bank.

On March 22, 2017, the Court held a hearing on the RFS Motion. Although she had not filed a written response, the Debtor appeared at the hearing and stated that she had contacted her secured lender and paid the lender $5,205.78 to cure the delinquency. The Court continued the hearing to May 17, 2017 and instructed the Debtor to file a written opposition, with her proof of payment attached, by April 5, 2017.

On April 5, 2017, the Debtor filed her belated opposition to the RFS Motion ("Opposition") [doc. 320]. In the Opposition, the Debtor alleged the following: (1) Nationstar is a debt collector; (2) Nationstar is not the original lender on the note and deed of trust as to the Cohasset Property; (3) U.S. Bank is not the holder in due course and does not have physical

possession of a promissory note that either names U.S. Bank as a payee or is indorsed to U.S. Bank, indorsed in blank, or payable to bearer; (4) because U.S. Bank is not a holder in due course, it lacks standing to seek relief from stay; (5) once the Cohasset Property loan was in default and assigned to a debt collector such as Nationstar, the action is governed by the Fair Debt Collection Practices Act ("FDCPA"); (6) Nationstar did not file a proof of claim; (7) the postpetition assignment of the note and deed of trust to Nationstar is invalid; and (8) Nationstar employees Mohameed Hameed and Tim Jackson fraudulently executed the relevant assignment documents. (Opposition, pp. 3-8, Exhs. A, B.)

The Debtor attached to her Opposition a copy of cashier's check dated March 17, 2017, payable to Nationstar Mortgage, in the amount of $3,872.85, that she allegedly mailed. (Opposition, Exh. E.) However, the Debtor did not attest to these facts in her accompanying declaration.

On April 19, 2017, the Court issued a tentative ruling, noting that the postpetition assignment of the note and deed of trust was proper, and that Nationstar had timely filed a proof of claim. In light of the Debtor's allegations in her Opposition, the Court instructed U.S. Bank to file a supplemental declaration no later than May 3, 2017 regarding its standing to bring the RFS Motion. On May 3, 2017, U.S. Bank filed its supplemental declaration [doc. 326].

At the continued hearing on the RFS Motion on May 17, 2017, the Court determined that U.S. Bank had standing and granted the RFS Motion. The Court posted its ruling to the docket as docket no. 339. On June 7, 2017, the Court entered an order granting the RFS Motion ("RFS Order") [doc. 344].

**II.    DISCUSSION**

Although the Debtor does not cite authority supporting the Motion for Vacate, it appears that the Debtor seeks reconsideration of the RFS Order pursuant to Federal Rule of Civil Procedure ("Rule") 59 and Rule 60(b). Pursuant to Rule 59(a)(1)(B), "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—. . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rule 59(e) provides that a party may move for alteration or amendment of a

judgment. Motions pursuant to Rule 59(a)(1)(B) or 59(e) must be filed no later than 28 days after entry of judgment. Rules 59(b), (e).

Rule 59(a) "does not specify the grounds on which a motion for a new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir.2003)). Rather, the court is "bound by those grounds that have been historically recognized." *Id*. The Ninth Circuit Court of Appeals has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id*. (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)).

As to Rule 59(e), there are four basic grounds upon which a Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (emphasis removed).

Pursuant to Rule 60(b)—

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Based on the Debtor's assertions in the Motion to Vacate, it appears that the Debtor requests reconsideration under Rule 60(b)(3) on the grounds of fraud, arising from the alleged

1  actions of U.S. Bank and Nationstar.  The other subsections of Rules 59(a), 59(e) and 60(b) are

2  inapplicable to the Debtor's arguments in the Motion to Vacate.

3        To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and

4  convincing evidence that the verdict was obtained through fraud, misrepresentation, or other

5  misconduct and the conduct complained of prevented the losing party from fully and fairly

6  presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.

7  2000).

8        **A.**      **Timing of Motion to Vacate**

9        On May 15, 2017, the Debtor filed the Motion to Vacate.  On June 7, 2017, the Court

10  entered the RFS Order.  When the Debtor filed the Motion to Vacate, no order or judgment had

11  been entered yet.  Thus, the Motion to Vacate was premature when filed.

12        Notwithstanding the foregoing, a court may consider a premature motion for

13  reconsideration. *See Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 18–19 (9th Cir. B.A.P.

14  2003) (citing *Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.)*, 999 F.2d 1221,

15  1223–24 (8th Cir. 1993); *Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines,*

16  *Inc.*, 661 F.2d 761, 764 n.1 (9th Cir. 1981); *McCulloch Motors Corp. v. Or. Saw Chain Corp.*,

17  245 F. Supp. 851, 853 (S.D. Cal. 1963)).  Accordingly, the Court will consider the Motion to

18  Vacate.

19        **B.**      **Failure to Respond to the Debtor's Opposition**

20        In the Motion to Vacate, the Debtor argues that relief from stay should be vacated

21  because U.S. Bank did not timely respond to the Opposition. (Motion to Vacate, ¶¶ 1–2, 5.)

22  However, on May 3, 2017, U.S. Bank timely filed its supplemental declaration [doc. 326] in

23  response to the Opposition.  U.S. Bank clarified that the indorsement attached to the note is an

24  indorsement in blank [doc. 326, at p. 2].  After reviewing the supplemental declaration and the

25  exhibits thereto, the Court granted the RFS Motion.

26  / / /

27  / / /

28  / / /

### C. Holder in Due Course

In the Motion to Vacate, the Debtor argues that U.S. Bank is not a holder in due course of the promissory note and thus lacked standing to bring the RFS Motion. (Motion to Vacate, ¶¶ 6–7.) In its May 17, 2017 ruling, the Court addressed these issues as follows:

> In addition, U.S. Bank has established that it has standing to seek relief from stay. In the declaration, Nationstar's representative asserted that the U.S. Bank "has physical possession of a promissory note that (1) names U.S. Bank as the payee under the promissory note or (2) is indorsed to U.S. Bank, or indorsed in blank, or payable to bearer." (Motion, at p. 6.) In support of the motion, U.S. Bank attached a note executed by the Debtor regarding the Cohasset Property. In its prior tentative ruling, the Court noted that although the note was in U.S. Bank's possession, it was unclear whether the indorsement on the note was indorsed to U.S. Bank, indorsed in blank, or payable to bearer. The Court instructed U.S. Bank to file a supplemental declaration regarding its standing no later than May 3, 2017. In its timely filed supplemental declaration, U.S. Bank clarified that the indorsement attached to the note is an indorsement in blank [doc. 326, at p. 2]. The Court finds this explanation sufficient to establish that U.S. Bank has standing to seek relief from stay.

The Court previously ruled that U.S. Bank is a holder in due course and had standing to seek relief from stay as to the Cohasset Property. In support of the Motion to Vacate, the Debtor has not provided clear and convincing evidence that the Court's prior ruling was obtained by fraud, misrepresentation, or misconduct.

### D. Proof of Claim

In the Motion to Vacate, the Debtor argues that U.S. Bank did not timely file a proof of claim. (Motion to Vacate, ¶¶ 18 and pp. 6–8.) The Court addressed this issue in its April 19, 2017 tentative ruling and May 17, 2017 ruling as follows:

> In her Opposition, the Debtor asserts that U.S. Bank did not file a proof of claim [doc. 320]. However, on May 23, 2016, U.S. Bank filed a proof of claim as to the Cohasset Property in the Debtor's chapter 11 case. Pursuant to Federal Rule of Bankruptcy Procedure 1019(3), "[a]ll claims actually filed by a creditor before conversion of the case are deemed filed in the chapter 7 case."

In support of the Motion to Vacate, the Debtor has not provided clear and convincing evidence that the Court's prior ruling was obtained by fraud, misrepresentation, or misconduct.

///

Case 1:16-bk-10024-VK    Doc 373    Filed 09/07/17    Entered 09/07/17 11:59:53    Desc
Main Document    Page 7 of 9

### E. Postpetition Assignment of Deed of Trust / Fraudulent Assignment

In the Motion to Vacate, the Debtor argues that relief from stay should be vacated because the postpetition assignment of the deed of trust to Nationstar is not permissible and because Nationstar's representatives fraudulently executed the assignment documents. (Motion to Vacate, ¶¶ 16–17, 19–25.) The Court addressed these issues in its April 19, 2017 tentative ruling and May 17, 2017 ruling as follows:

> In the declaration attached to the motion, Nationstar's representative asserted that the U.S. Bank "is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary." (*Id.*) Attached as Exhibit 3 to the motion was a copy of a "Corporate Assignment of Deed of Trust" (the "Assignment"). Under the terms of the Assignment, Mortgage Electronic Registration Systems, Inc., as nominee for Metrocities Mortgage, LLC, its successors and/or assigns, transferred to U.S. Bank all its interest under the deed of trust as to the Cohasset Property. The Assignment was executed on November 30, 2016 and recorded on December 29, 2016.
>
> Although the Debtor challenges the validity of the postpetition Assignment, a postpetition assignment is not problematic. A "post-petition assignment of the mortgage among creditors does not involve property of [a debtor's] bankruptcy estate . . . and does not violate the § 362 automatic stay . . .". *Bryant v. HSBC Mortgage Services, Inc. (In re Bryant)*, 452 B.R. 876, 881 (Bankr. S.D. Ga. 2011). Aside from the Debtor's conclusory allegations, there is no evidence to suggest that the signatories to the Assignment were not duly authorized to execute the Assignment.

In support of the Motion to Vacate, the Debtor has not provided clear and convincing evidence that the Court's prior ruling was obtained by fraud, misrepresentation, or misconduct.

### F. Fair Debt Collection Practices Act ("FDCPA")

In the Motion to Vacate, the Debtor argues that because the Cohasset Property loan is in default, the FDCPA governs U.S. Bank's acts to collect from the Debtor or foreclose on the Cohasset Property. (Motion to Vacate, ¶¶ 7–15.) In her Opposition, the Debtor sought affirmative relief under the FDCPA in the form of sanctions against U.S. Bank and its counsel. Such affirmative relief is not available in a relief from stay proceeding. *See Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) ("Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an

effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion."). Accordingly, in its May 17, 2017 ruling, the Court denied the Debtor's requests for affirmative relief under the FDCPA. (*See* doc. 339.)

Even if such relief were available in a relief from stay proceeding, the Debtor does not appear entitled to such relief. Generally, the FDCPA governs unfair and deceptive consumer debt collection practices. *See* 15 U.S.C. §§ 1692–1692(p). The FDCPA is a strict liability statute: debt collectors are liable for violating the FDCPA without regard to intent, knowledge, or willfulness. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006) (interpreting 15 U.S.C. § 1692k(c)).

The statute's general definition of "debt collector" captures any entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." § 1692a(6). "Debt is defined as an 'obligation . . . of a consumer to pay money.'" *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2016) (citing and quoting 15 U.S.C. § 1692a(5).)

The Debtor argues that U.S. Bank and Nationstar are "debt collectors" under the FDCPA. However, Ninth Circuit authority holds that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho*, 858 F.3d at 572. U.S. Bank filed the RFS Motion, seeking relief from stay on the grounds that: (i) the Debtor was delinquent on payments; (ii) there was no equity in the property and the property was not necessary to an effective reorganization; and (iii) the chapter 7 trustee had sought and obtained an order abandoning the Cohasset Property. Such actions were not attempts to collect money from the Debtor. Instead, by filing the RFS Motion, U.S. Bank acted to enforce its security interest, up to and including a non-judicial foreclosure upon and obtaining possession of the Cohasset Property. Accordingly, the FDCPA does not apply to the conduct of U.S. Bank or Nationstar at issue.

The Court's prior ruling denied the Debtor's request relief under the FDCPA on procedural grounds. As noted above, relief under the FDCPA is also unwarranted on substantive

grounds. In support of the Motion to Vacate, the Debtor has not provided clear and convincing evidence that the Court's prior ruling was obtained by fraud, misrepresentation, or misconduct.

### III. CONCLUSION

In light of the foregoing, the Court will deny the Motion to Vacate. The Debtor has not met her burden of producing clear and convincing evidence that U.S. Bank or Nationstar obtained relief from stay through fraud, misrepresentation, or misconduct.

###

Date: September 7, 2017

Victoria S. Kaufman
United States Bankruptcy Judge